FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 06, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HOLLIS MARION WOODWARD,<br><br>Defendant. | No. 1:19-CR-02026-SAB-1<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF No. 23** |

**BEFORE THE COURT** is Defendant's Motion to Modify Conditions of Release (ECF No. 23). The United States opposes the Motion. On August 5, 2019, the Court reopened the hearing to consider Defendant's additional proffers and arguments of counsel. 18 U.S.C. § 3142(f). Defendant appeared with Assistant Federal Defender Jeff Dahlberg. Assistant United States Attorney Meghan McCalla represented the United States.

The Court has considered the proposed modified conditions and evaluated the four factors outlined in 18 U.S.C. § 3142(g) to decide whether the modified conditions of release that would reasonably assure Defendant's appearance in court

ORDER - 1

and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released. The Court finds that these factors, as set forth orally by the Court, weigh in favor of modifying in part Defendant's previously imposed release conditions.

## DISCUSSION

Defendant currently resides at his brother's home because the Court has issued a condition prohibiting Defendant from returning to his own residence. Defendant seeks a modification of his conditions of release to permit him to reside at his residence. The Court finds this to be an inappropriate release address for several reasons.

First, Defendant's home is currently the last known and supervision address for Defendant's stepson P.C., who is presently on supervision for his second federal matter and is currently on abscond status. Defendant's residence is P.C.'s last known address. P.C. has lived at this address for most of his life and his mother currently resides there. P.C. has an outstanding warrant for allegedly violating his conditions of supervised release by failing to report to the probation office, failing to obtain a substance abuse assessment, and consuming methamphetamine.

ORDER - 2

Out of concern for officer safety, the United States Pretrial/Probation Office has a practice of not supervising individuals at an address where someone else who has an outstanding warrant is last known to reside. If a pretrial supervision officer were to encounter P.C. at Defendant's home, this would pose a serious risk of danger to the pretrial supervision officer.[1] P.C. has a lengthy and violent criminal history, including numerous assault charges and convictions (1993, 1999, 2002, 2005, 2017). P.C.'s 2005 assault case involved pointing a firearm at a Washington state trooper, and he was sentenced to 120 months imprisonment in that case. P.C. also has a significant history of drug use and emotional instability, including suicidal ideation. At the time of his arrest for his most recent federal conviction (2017), law enforcement tried to stop P.C. while he was driving, and P.C. fled law enforcement, exceeding speeds of 80 miles per hour, nearly hitting other cars on the road, failing to stop at stop signs, fleeing on foot, charging a law enforcement officer, and ultimately being apprehended in possession of controlled substances and multiple firearms. P.C. is also a known gang member. When individuals abscond from supervision, they are still likely to maintain or attempt contact with friends and family. Because P.C.'s last known address and longtime residence is

---

[1] In this district, the U.S. Pretrial/Probation Office does not have authority to effectuate arrests, which are handled by the U.S. Marshals Service.

Defendant's home, where P.C.'s mother still resides, the Court finds that P.C. poses a substantial risk of danger to any officer who may be required to go to that address as a part of Defendant's pretrial supervision.

In response to these concerns, Defendant proposed alternative forms of supervision to allow Defendant to reside at his own home. First, Defendant proposed the supervising Pretrial Services Officer could be accompanied by the United States Marshal Service (USMS) every time he or she conducts a home visit at Defendant's address. This is not a feasible plan. The USMS in this part of the district is significantly understaffed and do not have the resources to effectuate this plan.[2] Even if they did, sending the USMS in addition to probation officers does not lessen the safety risks P.C. poses at Defendant's address. Alternatively, Defendant proposed allowing Defendant to meet with the Pretrial Services Officer at other locations away from his home. However, this proposal would effectively eliminate pretrial supervision home visits, which is a standard component of supervision in this district. Given Defendant's own significant criminal history and the nature and circumstances of the alleged offense (prohibited person in

---

[2] For high risk encounters, the USMS utilizes several members of the fugitive task force who have experience with high risk arrests. This is not a feasible option for each home visit to be conducted.

possession of a firearm and methamphetamine possession), it would not be appropriate to eliminate home visits from Defendant's pretrial supervision.

Second, Defendant's home is not an appropriate release address given the significant violence associated with the address in the last few years. Based on the United States' proffer, and this Court's familiarity from reviewing search warrant applications associated with those cases, Defendant's address is associated with two separate murders. A 2016 murder occurred on the property, which led to a 2019 federal conviction (1:17-CR-02053-SAB). A 2017 murder is alleged to have occurred at Defendant's address and remains pending (1:18-CR-02023-SAB). The United States proffered that Defendant's address is a place where transient people with a variety of criminal histories regularly visit and temporarily reside and where significant drug activity regularly occurs. Defendant's home was also recently home to his other stepson, D.C., who currently has charges pending for two unrelated murders. Given the serious violence and other illegal conduct alleged to have occurred at or associated with this address, the Court finds it is not an appropriate release address for Defendant's pretrial supervision.

The Court appreciates that Defendant seeks to live at his own residence in order to alleviate discomfort stemming from medical issues. However, Defendant's discomfort does not overcome the significant risks described above. The Court encourages counsel to work with the Pretrial Services Office to explore

alternative release addresses that can more comfortably accommodate Defendant's medical needs.

The Court also appreciates that Defendant seeks to return to his home so that he could engage in economic activity to support his family. Specifically, Defendant seeks the ability to return to his home so that he can sell automotive parts that are on his property. Although Defendant may not reside at his address, the Court grants Defendant's request to modify his conditions of release so as to permit brief visits, at the Pretrial Services Officer's discretion, to his home for the limited purpose of selling automotive parts.

IT IS HEREBY ORDERED:

1. The Motion to Modify Conditions of Release (**ECF No. 23**) is **GRANTED IN PART**.

2. Defendant's previously imposed Special Condition of Release No. 11 shall be **STRICKEN** and **REPLACED** with the following:

> Defendant shall not reside at or travel to his Barkes Road, Harrah, Washington residence, except as follows: the United States Probation Office shall have the discretion to approve short-term trips to this property for the limited purpose of conducting business transactions related to the sale of automotive parts on the property.

3. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

4. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in L.Cr.R. 46(k).

DATED August 6, 2019.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 7