PROB 12C
(6/16)

Report Date: January 13, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 14, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Hollis Marion Woodward          Case Number: 0980 1:19CR02026-SAB-1

Address of Offender:                    Harrah, Washington 98933

Name of Sentencing Judicial Officer:  The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: August 5, 2020

Original Offense:     Felon In Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924 (a) (2)

Original Sentence:    Probation - 36 Months          Type of Supervision: Probation

Asst. U.S. Attorney:  Thomas J. Hanlon               Date Supervision Commenced: August 5, 2020

Defense Attorney:     Jennifer Rebecca Barnes        Date Supervision Expires: August 4, 2023

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #1**: You must not commit another federal, state or local crime.<br><br>**Supporting Evidence**: Mr. Woodward is alleged to have violated his conditions of probation by committing the law violation of Third Degree Driving While License Suspended, in violation of Revised Code of Washington (RCW) 46.20.342.1C, on September 5, 2020.<br><br>Following COVID-19 procedures, Mr. Woodward's conditions were verbally reviewed with him on August 6, 2020. He verbally acknowledged an understanding of his conditions, which includes mandatory condition number 1, as noted above.<br><br>According to the narrative from Toppenish Police Department incident number 20P3639, the following occurred: On September 5, 2020, while on patrol, an officer observed a vehicle being driven with expired license tabs. As the patrol vehicle followed the aforementioned vehicle, the officer observed the driver side rear brake light did not operate correctly. A traffic stop was initiated, with the driver contacted and identified as Mr. Woodward. During a record's check, it was discovered Mr. Woodward's driving privileges had been suspended. Mr. Woodward was cited for Driving While License Suspended, a violation of RCW 46.20.342.1C, and released to a licensed driver. It should be noted, this offense remains pending in Toppenish municipal court, with the next hearing scheduled for February 9, 2021. |

Prob12C
Re: Woodward, Hollis Marion
January 13, 2021
Page 2

2     **Special Condition #3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Woodward is alleged to have violated his conditions of probation by providing urinalysis samples which tested positive for methamphetamine on October 26 and November 6, 2020.

Following COVID-19 procedures, Mr. Woodward's conditions were verbally reviewed with him on August 6, 2020. He verbally acknowledged an understanding of his conditions, which includes special condition number 3, as noted above.

On September 3, 2020, following Mr. Woodward's transition from pretrial supervision to probation, this officer advised the offender he was to continue participating in Merit Resources Services (Merit) random urinalysis testing program. Mr. Woodward was advised of his designated testing color and calling instructions, which he stated he understood.

On October 26, 2020, Mr. Woodward reported to Merit for a urinalysis testing. On this date, the offender's urinalysis tested presumptive positive for methamphetamine, which the offender denied any illegal drug use. The sample was sent to Alere Toxicology Services (Alere), which confirmed the urinalysis sample was positive for methamphetamine.

On November 6, 2020, Mr. Woodward reported to the United States Probation Office. A urinalysis was collected, which tested presumptive positive for methamphetamine. Again Mr. Woodward denied any illegal drug use. This sample was sent to Alere, which confirmed the sample positive for methamphetamine.

3     **Special Condition #3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Woodward is alleged to have violated his conditions of probation by failing to report for urinalysis testing as directed on October 21, November 20, and December 7, 2020.

Following COVID-19 procedures, Mr. Woodward's conditions were verbally reviewed with him on August 6, 2020. He verbally acknowledged an understanding of his conditions, which includes special condition number 3, as noted above.

On September 3, 2020, following Mr. Woodward's transition from pretrial supervision to probation, this officer advised the offender he was to continue participating in Merit's random urinalysis testing program. Mr. Woodward was advised of his designated testing color and calling instructions, which he stated he understood.

On October 21, 2020, Mr. Woodward failed to report to the Merit office for random urinalysis testing. On October 22, 2020, the offender was confronted, which he verbally admitted to not calling Merit daily as previously instructed. The offender was again

Prob12C
Re: Woodward, Hollis Marion
January 13, 2021
Page 3

instructed to call the testing facility daily. On October 23, 2020, Mr. Woodward was directed to report to Merit for a make up urinalysis test on October 26, 2020, which he did as noted above in violation number 2.

On November 20 and December 7, 2020, Mr. Woodward failed to report to Merit for random urinalysis testing.

On December 10, 2020, the undersigned officer confronted Mr. Woodward in regard to his failures to report for urinalysis testing at Merit. The offender admitted he forgets to call the testing program daily.

It should be noted, further uranalysis testing during the month of December 2020, was prevented, as Mr. Woodward reported being hospitalized at Harborview Medical Center. At the writing of this report, the undersigned has not received requested medical records.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    January 13, 2021

s/Nick Bazan

Nick Bazan
U.S. Probation Officer

THE COURT ORDERS

[ ]    No Action
[ ]    The Issuance of a Warrant
[X]    The Issuance of a Summons
[ ]    Other

Signature of Judicial Officer

1/14/2021
Date